**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GREGORY CHARLES JONES,

Plaintiff,

Case No. 25-14025
Hon. Jonathan J.C. Grey

v.

OAKLAND COMMUNITY HEALTH NETWORK et al.,

Defendants.
______________________________/

**ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND DENYING AS MOOT MOTION TO APPOINT COUNSEL AND NOTICE OF DISABILITY STATUS (ECF No. 3)**

On December 15, 2025, pro se Plaintiff Gregory Charles Jones filed this 42 U.S.C. § 1983 action alleging that Defendants Oakland Community Health Network ("OCHN"), Birmingham Police Department ("BPD"), Oakland County Child Protective Services ("CPS"), and individual defendants violated his First, Fourth, and Fourteenth Amendment rights, and asserting an abuse of process claim. (ECF No. 1.) On June 4, 2026, the Court dismissed the individual defendants only and extended the time for service, noting that "the period of time during which service must be completed is **EXTENDED** to September 3, 2026."

(ECF No. 6, PageID.26.) That same day, June 4, 2026, the Court further ordered Jones to "complete and present to the Clerk's Office" a copy of the complaint for each remaining defendant, two USM 285 forms for each remaining defendant, and three summonses for each remaining defendant "**within fourteen (14) days of the date of this Notice**[.]" (ECF No. 7, PageID.29 (emphasis added).) Jones has failed to do so.

On July 1, 2026, the Court issued an order to show cause why this case should not be dismissed without prejudice for failure to prosecute and failure to provide the Clerk's Office with documents to enable the summons and complaint to be served on the remaining defendants. (ECF No. 8.) The order further warned Jones that failure to "timely or adequately respond to this order in writing" by July 17, 2026 shall result in dismissal of the case pursuant to Rule 4(m), Rule 41(b), and Local Rule 41.2. (*Id.*) To date, Jones has not responded to the Court's order to show cause, nor has he taken any action in the case.

For the reasons below, this case is **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b) and Local Rule 41.2. As such, the Court also **DENIES AS MOOT** Jones' pending motion to appoint counsel and notice of disability status. (ECF No. 3.)

## I. Dismissal Under Rule 41(b) and Local Rule 41.2

Under Rule 41(b), federal courts may sua sponte dismiss a claim for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–630 (1962); *Steward v. City of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001). This authority is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629–630. Further, the Local Rules state that the Court may dismiss a case for failure to prosecute when "the parties have taken no action for a reasonable time." E.D. Mich. LR 41.2.

When contemplating Rule 41(b) dismissal of an action, the Sixth Circuit considers four factors:

> (1) whether the party's failure [to prosecute] is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)). Here, the factors collectively weigh in favor of dismissal.

The first factor weighs in favor of dismissal. To support a finding that a plaintiff was motivated by willfulness, bad faith, or fault, the plaintiff "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [her] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citation omitted). In failing to comply with the Court's order to show cause (ECF No. 8), Jones has neglected to pursue his case. His conduct shows "willfulness and fault in that he was at best extremely dilatory in not pursuing his claim, which indicates an intention to let his case lapse." *Schafer*, 529 F.3d at 739.

As to the second factor, there is no evidence that Jone's conduct prejudiced the defendants. To find prejudice, courts examine whether the defendants "waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997). Here, because the defendants have not entered an appearance and Jones has not filed a certificate of service, they have not expended resources for their defense. This factor therefore does not weigh in favor of dismissal.

The third factor, whether Jones was warned that failure to

cooperate could lead to dismissal, weighs heavily in favor of dismissal. The Court issued an order to show cause, which specifically ordered Jones to show cause why his case should not be dismissed for failure to prosecute. (ECF No. 8.) In that order, the Court warned Jones that failure to respond would result in dismissal under Local Rule 41.2 (*id.*), but Jones did not respond.

The fourth factor also clearly weighs in favor of dismissal. In issuing an order to show cause why the case should not be dismissed for failure to prosecute, the Court granted Jones more time to litigate his case, thereby attempting less drastic measures. (ECF No. 8.) Under these circumstances, dismissal is the only "appropriate remedy available." *Morley v. Comm'r of Soc. Sec.*, No. 12-14653, 2013 WL 2051326, at *1 (E.D. Mich. May 14, 2013) (finding that a plaintiff effectively abandoned their case after failing to respond to an order to show cause). Because of Jones' failure to respond to the Court's order to show cause why the case should not be dismissed for failure to prosecute, the Court finds there is no utility in imposing or considering lesser sanctions.

Accordingly, it is **ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute under Federal Rule of Civil Procedure 41(b) and Local Rule 41.2.

**IT IS FURTHER ORDERED** that Jones' motion to appoint counsel and notice of disability status (ECF No. 3) is **DENIED AS MOOT**.

**SO ORDERED.**

Dated: July 31, 2026

**s/Jonathan J.C. Grey**
Jonathan J.C. Grey
United States District Judge

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 31, 2026.

**s/ S. Osorio**
Sandra Osorio
Case Manager